IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

RODNEY MANYON LANE,                          :
                                             :
                    Plaintiff,               :
                                             :
            VS.                              :
                                             :        7 : 13-CV-36 (HL)
TED PHILBIN, *et al.*,                       :
                                             :
                    Defendants.              :
_____     :

## RECOMMENDATION

Presently pending in this action brought pursuant to 42 U.S.C. § 1983 are a Motion to Dismiss filed on behalf of the Defendants (Doc. 19), and the Plaintiff's Motion for a Temporary Restraining Order (Doc. 22).   The Court notified the Plaintiff of the filing of the Defendants' Motion to Dismiss and directed him to respond thereto within thirty (30) days of the Court's order. (Doc. 21).   The Plaintiff has filed responses to the Defendants' motion.   (Docs. 29, 35).

Plaintiff filed this action in March 2013, raising allegations of deliberate indifference to a serious threat of harm.   (Doc. 1).   Plaintiff filed a Motion for Leave to file an amended Complaint on May 8, 2013, wherein the Plaintiff sought to add Defendants Orr and Maine.   (Doc. 8).   The Court granted the Motion to Amend on May 14, 2013, and Plaintiff's Complaint was deemed amended as of May 8, 2013.   (Doc. 10).   Plaintiff claims that Defendants were deliberately indifferent to a serious risk of harm, in that Plaintiff, a non-Muslim, non-gang member, was housed in a prison building with a population comprised of 90% gang members, which allegedly led to an attack on the Plaintiff on June 17, 2012.

Defendants have filed a Motion to Dismiss, asserting in part that the Plaintiff has failed to adequately state a claim of deliberate indifference against them.   (Doc. 19).   A motion to dismiss

can be granted only if Plaintiff's Complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level". *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545 (2007).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556, 570). The key to proper consideration of a motion to dismiss after *Twombly* is plausibility, as the "well-pled allegations must nudge the claim across the line from conceivable to plausible." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009). Although the Court must accept as true all of the factual allegations in the Complaint, this standard does not apply to legal conclusions in the Complaint. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

It is well settled that "[a] prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828-829 (1994). "Prison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Id.* at 833; *Murphy v. Turpin*, 159 Fed.Appx. 945, 947 (11th Cir. 2005). "[T]o survive a motion to dismiss, a cause of action for deliberate indifference must adequately plead the existence of '(1) a substanstial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation.'" *Alsobrook v. Alvarado*, 2013 WL 6246383 (S.D.Fla. Dec. 3, 2013), *quoting Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir. 1995).

2

"[A] prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."   *Farmer*, 511 U.S. at  837.   "[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment."   *Id.*   "It is not . . . every injury suffered by one prisoner at the hands of another that translates into a constitutional liability."   *Purcell ex rel. Estate of Morgan v. Toombs County, Ga.*, 400 F.3d 1313, 1319 (11th Cir. 2005).

In his Complaint, the Plaintiff alleges that Defendants Philbin and Woods failed to protect Plaintiff from an attack by another inmate on June 17, 2012, in which Plaintiff was hit in the eye with a lock and stabbed four times in the back.   Plaintiff was housed in E Building at Valdosta State Prison, which according to Plaintiff is

> 90% gang member.   I was not a gang member in Valdosta S.P.   If you not a member of no gang are muislim in E Build you have store are property you will be robbey and stab my counsel ms. Woods no that and V.S.P. administrators no that about E Build I have heard All the Administrators At V.S.P. threat to put you in E Build. [sic]

Doc. 1, ¶ 10.

Plaintiff alleges that he asked Defendant Woods to move him from E Building on May 8, 2012, and again on May 23, 2012.   *Id.*   In regard to Defendant Philbin, Plaintiff alleges he informed Philbin on May 8, 2012 about his concerns with E building and his requests to be moved.   *Id.*

In his Amended Complaint, Plaintiff alleges that Defendants Orr and Maine knew of the risk of harm in E building "due to the numerous stabbings and beatings that take place in this building, yet [they] failed to bring the violence under control."   (Doc. 8, p. 3).   Plaintiff

further alleges that Defendants Orr and Maine failed to place enough prison guards in E building, with only one officer per two fifty-man dorms, that Orr knew E building housed dangerous predators, evidenced by his threats to place inmates in E building, and that Defendants Orr and Maine failed to control weapons brought into the prison.   *Id.* at pp. 3-5.

The Plaintiff's allegations against the Defendants fail to state a plausible claim for deliberate indifference to a serious risk of harm to the Plaintiff.   Plaintiff maintains that he asked both Woods and Philbin to move him to another dorm and that these Defendants, along with Defendants Orr and Maine, were prison administrators who knew of the population make-up of E building and a resulting risk of harm to non-gang member, non-Muslim inmates in E building. Plaintiff further alleges that Defendants Orr and Maine were aware of violence among inmates in E building.   However, Plaintiff does not allege the requisite actual knowledge on the part of any of the Defendants to establish a claim of deliberate indifference.   A defendant's "subjective knowledge [of the risk] must be specific, as [the Eleventh Circuit has] held that 'imputed or collective knowledge cannot serve as the basis for a claim of deliberate indifference.'"   *Bugge v. Roberts*, 430 Fed.Appx. 753, 759 (11th Cir. 2011) *quoting Burnette v. Taylor*, 533 F.3d 1325, 1331 (11th Cir. 2008).   Conclusory allegations that the Defendants knew of the alleged risk based on the nature of their jobs "are . . . not afforded the presumption of truth absent some factual support that make them plausible."   *Losey v. Warden*, 521 Fed.Appx. 717, 719 (11th Cir. 2013) *citing Iqbal*, 556 U.S. at 679.   "The known risk of injury must be a strong likelihood, rather than a mere possibility before a [prison official]'s failure to act can constitute deliberate indifference." *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990) *internal citations omitted*.

Plaintiff does not allege that he had been threatened, that any altercation was imminent or that he feared an attack, or that he informed the Defendants of such specific information.   The

information which Plaintiff alleges the Defendants possessed does not raise the possibility of harm to a strong likelihood.   In *Brown*, 894 F.2d 1533, 1537, a prisoner plaintiff's statement to an official that there was a "racial problem" in his cell was similarly insufficient to put the official on notice of a substantial risk of serious harm.   In *Bennencourt v. Owens*, 2011 WL 4543835 (M.D.Ga. Sept. 30, 2011), *affirmed in relevant part by Bettencourt v. Owens*, 2013 WL 5450978 (11th Cir. Oct. 2, 2013), the Court found that there was no reason for prison officials to believe that the plaintiff was in immediate danger, since the plaintiff did not indicate that he had been threatened, that a fight was imminent or that he feared an attack.   *Id.* at 5.   The plaintiff's communication to officials of his request to be transferred or placed in protective custody because of sexual harassment by unidentified individuals did not place officials on notice of a substantial risk of serious harm facing the plaintiff, as the "inexplicit nature of plaintiff's allegations" did not indicate a substantial risk of harm.   *Id.; cf. Biggers v. Toppings*, 2013 WL 5739077 (S.D.Ga. Oct. 22, 2013) ("It is beyond peradventure that unrestrained gang members allowed to roam cell blocks freely at 1:45 a.m. during an ongoing gang war pose a substantial risk of serious harm, both to other inmates and to correctional officers"; officials knew of an ongoing gang war, that some inmates were outside their cells, and that some tray flaps remained opened).   *Id.* at *3.

"[B]efore Defendants' awareness arises to a sufficient level of culpability, there must be much more than mere awareness of [an inmate's] generally problematic nature.   Even assuming the existence of a serious risk of harm and legal causation, the prison official must be aware of specific facts from which an inference could be drawn that a substantial risk of serious harm exists – and the prison official must also draw that inference."   *Carter v. Galloway*, 352 F.3d 1346, 1349 (11th Cir. 2003), *internal citations omitted*.   Herein, the Plaintiff does not put forth allegations that the Defendant officials were aware of a risk of harm to the Plaintiff that rose above the speculative

level.   Accordingly, it is the Recommendation of the undersigned that the Defendants' Motion to

Dismiss be **GRANTED**.

***Motion for a Temporary Restraining Order***

In his Motion for a Temporary Restraining Order, the Plaintiff seeks a transfer, within or

without of Valdosta State Prison, based on allegations of potential violence from other prisoners.

(Docs. 22, 23).   In order to obtain injunctive or declaratory relief, the Plaintiff must prove that:

(1) there is a substantial likelihood that he will prevail on the merits; (2) he will suffer irreparable

injury unless the injunction issues; (3) the threatened injury to the movant outweighs whatever

damage the proposed injunction may cause the opposing party; and (4) the injunction, if issued,

would not be adverse to the public interest.   *Zardui-Quintana v. Richard*, 768 F.2d 1213, 1216

(11th Cir. 1985); *Snook v. Trust Co. of Georgia Bank of Savannah, N.A.*, 909 F.2d 480, 483 (11th

Cir. 1990).   Injunctive relief will not issue unless the conduct at issue is imminent and no other

relief or compensation is available.   *Cunningham v. Adams*, 808 F.2d 815, 821 (11th Cir. 1987).

A review of the Plaintiff's motion reveals an inadequate basis for the issuance of an

injunctive order.   Plaintiff points to being housed in a dorm where the majority of inmates belong

to gangs, and appears to state that he fears further attacks, although he admits that he does not

know the name or alleged gang affiliation of his prior attacker.   Plaintiff has not established that

he is entitled to injunctive relief in regard to his requests, i.e., that there is a substantial likelihood

of success on the merits or resulting irreparable harm, or that no other relief is available to address

his alleged injuries.   Further, Defendants have responded that Plaintiff has the option of being

placed in protective custody, which would remove him from the environment which forms the

basis for his motion for injunctive relief.   (Doc. 24-1, ¶ 4).   Accordingly, it is the

recommendation of the undersigned that Plaintiff's motion for injunctive or declaratory relief be

**DENIED**.

***Objections***

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendations herein with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO RECOMMENDED**, this 4th day of February, 2014.

s/  ***THOMAS Q. LANGSTAFF***

UNITED STATES MAGISTRATE JUDGE

asb