# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF GEORGIA
### VALDOSTA DIVISION

| | | |
|---|---|---|
| RODNEY M. LANE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No: |
| v. | ) | 7:13-cv-36-HL |
| | ) | |
| TED PHILBIN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>STIPULATED PROTECTIVE ORDER</u>

**THE COURT ALERTS THE PARTIES THAT IT HAS ADDED A FINAL PARAGRAPH TO THIS PROTECTIVE ORDER THAT WAS NOT INCLUDED IN THE STIPULATED ORDER SUBMITTED TO THE COURT.**

WHEREAS any discovery material (defined below) in this lawsuit may involve the production or disclosure of confidential institutional or medical records or private health-related information ("Confidential Information"); and

WHEREAS counsel for the parties have consented to entry of this Order; IT IS HEREBY ORDERED:

1.     As used in this Protective Order (the "Order"), the term "discovery material" shall encompass all information contained in documents, computer data and reports, deposition testimony and exhibits, interrogatory answers, responses to requests for admission, pleadings, motions, briefs, affidavits, and any other written,

recorded, computerized, electronic, transcribed or graphic matter produced by any party or obtained by any party during discovery in this suit, and any copies thereof. Plaintiff and Defendants are referred to herein as "the Parties." "Producing party" and "designating party" may include any person, whether or not a party, who provides discovery material. "Receiving party" may include any person, whether or not a party, who received discovery material. "Suit" means the above-styled lawsuit pending in the Middle District of Georgia, Valdosta Division.

2.     This Order is binding upon the Parties to the Suit, their respective attorneys, agents, representatives, officers and employees and others as set forth in this Order.

3.     The Parties shall have the right, in good faith, to designate material that has been or will be made available in this suit as Confidential Information by affixing in a conspicuous place on the discovery material the label "CONFIDENTIAL."  A party shall make such designation only with respect to discovery materials revealing non-public, confidential information not known to the general public.

4.     The Parties, their attorneys, or anyone else acting on their behalf shall take such precautions with the Confidential Information as are necessary to  strictly maintain its confidentiality and comply with the terms of this Order. Discovery material designated "CONFIDENTIAL" may be inspected and disclosed only to the

following persons:

a)     The parties, including the directors, officers and employees of the parties to the Suit and their affiliates, and counsel for the parties to this Suit, including inside counsel of any party who is assisting in the preparation of that party's case;

b)     Employees of such counsel engaged in assisting counsel in the preparation of this Suit including secretaries and paralegal assistants;

c)     Court officials involved in the Suit, including court reporters and persons operating video recording equipment at depositions;

d)     Witnesses, provided that (1) discovery material is used in connection with the examination of the witness; (2) counsel using such documents or information believes in good faith that such use is necessary or appropriate; and (3) the witness is first provided with a copy of this Order and executes Exhibit A, or is the author, recipient or a copyee of such discovery material;

e)     Independent contractors, outside consultants, and experts, and their staff, consulted or retained by a party for the purpose of assisting in the prosecution or defense of the Suit, provided that such persons shall be given a copy of this Order, advised that they are bound by it, and sign Exhibit A; and

f)     Any other person who is designated as an authorized person by an

Order of this Court, after notice to the parties, or by agreement with the designating party.

5.     Nothing set forth herein prohibits the use at trial of any Confidential Information or affects the admissibility of any evidence. The procedures to govern the use and disclosure of Confidential Information may be the subject of further agreement of the Parties or order of the Court.

a)     Discovery Materials designated as Confidential may be filed under seal with the Court in accordance with the Federal Rules of Civil Procedure and this Court's local rules.

b)     When any Discovery Material is filed with the Court under this paragraph, the filing Party shall the same day email a copy of all materials so filed to counsel of record for the opposing party.

c)     Discovery Materials designated as Confidential may be used in a filing before any special discovery master or magistrate judge in accordance with the preferences of that special discovery master or magistrate judge.

d)     Discovery Materials designated as Confidential may be offered into evidence at trial or hearing on preliminary injunction without having to be placed under seal. The Parties agree to jointly petition the Court to establish procedures to protect such Discovery Materials at trial or hearing before any such trial or hearing is begun.

6.      Nothing herein shall be construed as limiting a party's use of its own Confidential Information and such use shall not constitute a waiver of the terms of this Order or the status of such information as Confidential Information. Any of the Parties can remove their designation of Confidential Information from any information it has previously so designated.

7.      The Parties specifically agree that Plaintiff's medical file, if produced and designated as CONFIDENTIAL by a Party other than Plaintiff, constitutes Plaintiff's "Confidential Information," and agree that Plaintiff may retain and use a copy of his medical file for his own purposes, which copy will not be subject to or limited by this Order.

8.      If a Producing Party inadvertently fails to stamp or mark certain documents as "CONFIDENTIAL" upon production, it may later designate such documents  as "CONFIDENTIAL" material by giving written notice to all Parties that the material is to be so designated, describing the document(s) by Bates-number if possible.  Likewise, a Producing Party may designate any other documents that it has already produced as "CONFIDENTIAL" material by giving written notice to all Parties that the material is to be designated, describing the document(s) by Bates-number if possible.  Upon such notice, all parties who received the designated material shall then stamp or otherwise mark their copies of the designated material as "CONFIDENTIAL" as referenced herein.

9. The parties incorporate by reference Federal Rule of Evidence 502 herein and agree that the inadvertent production of any discovery material by any party shall be without prejudice to any subsequent claim by the producing party that such discovery material is privileged or attorney work product and shall not necessarily be deemed a waiver of any such privilege or protection.

10. If, after production, a Producing Party claims that privileged material was inadvertently produced to a Receiving Party, the Receiving Party shall promptly return the information and all copies thereof to the Producing Party and certify to the Producing Party that it has done so. The Receiving Party shall not use any such inadvertently disclosed information for any purpose. A receiving Party may promptly present the issue to the Court for determination of the Producing Party's claim that the Discovery Material is privileged or entitled to protection. Nothing in this Stipulated Protective Order will modify any obligation a Receiving or Producing Party otherwise has with respect to inadvertent production under the law or ethical rules.

11. A party may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within 21 days after the time the notice is received, it shall be the obligation of the party objecting to the designation

to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. The disputed information shall be treated as confidential under the terms of this Order until the Court rules on the motion. The party designating the information as confidential shall bear the burden of establishing that the disputed information should be treated as confidential.

12.     Within 60 days after this litigation concludes by settlement, final judgment, or final order, including all appeals, all documents designated as containing Confidential Information, including copies thereof, must be returned to the Producing Party unless: (1) the parties agree to destruction of the document to the extent practicable in lieu of return; or (2) as to documents bearing the notations, summations, or other mental impressions of the Receiving Party, that party elects to destroy the documents and certifies to the producing Party that it has done so.

13.     The confidentiality provisions of this Order shall survive any settlement, judgment, or other disposition or conclusion of this action, and all appeals therefrom. This Court shall retain continuing jurisdiction in order to enforce the terms of this Order.

14.     **ADDED BY THE COURT**: The Court finds that good cause exists for the entry of this order with the following condition.   Notwithstanding anything to the contrary in the foregoing order, the Court finds that it shall not apply to exclude

evidence from public disclosure when that evidence is relied upon in support of or opposition to any motion or during any hearing or trial. If a party seeks to rely upon any evidence covered by this protective order in support of or in opposition to any motion or during any hearing or trial, that party shall notify the opposing party at least 14 days prior to filing the motion and/or 14 days prior to the hearing or trial. The opposing party shall have 7 days to respond objecting to the public disclosure of the information, and the opposing party shall also file a motion to allow the materials to be filed under seal, which shall state a compelling reason in support of that motion. The Court will closely scrutinize any such requests at that time, with the presumption that any evidence relied upon in a filed motion or in opposition to any such motion or to be used in a hearing or trial shall be a public record. Accordingly, when materials are to be used in the foregoing manner, a party will not be allowed to file the materials under seal just because they are covered by this discovery protective order.

SO ORDERED this 8th day of December, 2017.

*s/ Hugh Lawson*_____
HUGH LAWSON, SENIOR JUDGE

# EXHIBIT A

## DECLARATION OF COMPLIANCE

The undersigned has read and understands the terms of the Stipulated Protective Order ("Order") effective in this case, *Rodney Manyon Lane v. Ted Philbin, et. al.*, Civil Case No. 7:13-cv-0036-HL, which is currently pending in the United States District Court for the Middle District of Georgia. The undersigned agrees (i) to abide by the terms of the Order; (ii) not to use or divulge, under penalty of law, any documents, materials or other information covered by the Order, including Confidential Information, except as permitted by the terms of the Order; and (iii) to submit to the jurisdiction of the United States District Court for the Middle District of Georgia for resolution of any issues arising under the Order.

Executed this _____day of _____, 2017 at _____.

_____