# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| RODNEY MANYON LANE,<br><br>    Plaintiff,<br><br>v.<br><br>TED PHILBIN, SHUNDA WOODS, CALVIN ORR, and SHERMAN MAINE,<br><br>    Defendants. | Civil Action File No.<br>7:13-CV-36 (HL)<br><br>Jury Trial Demanded |

## STIPULATED AMENDED PROTECTIVE ORDER

WHEREAS any discovery material (defined below) in this lawsuit may involve the production or disclosure of confidential institutional or medical records or private health-related information ("Confidential Information"); and

WHEREAS counsel for the parties have consented to entry of this Order; IT IS HEREBY ORDERED:

1. As used in this Protective Order (the "Order"), the term "discovery material" shall encompass all information contained in documents, computer data and reports, deposition testimony and exhibits, interrogatory answers, responses to requests for admission, pleadings, motions, briefs, affidavits, and any other written, recorded, computerized, electronic, transcribed or graphic matter produced by any

party or obtained by any party during discovery in this suit, and any copies thereof. Plaintiff and Defendants are referred to herein as "the Parties." "Producing party" and "designating party" may include any person, whether or not a party, who provides discovery material. "Receiving party" may include any person, whether or not a party, who received discovery material. "Suit" means the above-styled lawsuit pending in the Middle District of Georgia, Valdosta Division.

2. This Order is binding upon the Parties to the Suit, their respective attorneys, agents, representatives, officers and employees and others as set forth in this Order.

3. The Parties shall have the right, in good faith, to designate material that has been or will be made available in this suit as Confidential Information by affixing in a conspicuous place on the discovery material the label "CONFIDENTIAL." A party shall make such designation only with respect to discovery materials revealing non-public, confidential information not known to the general public.

4. The Parties, their attorneys, or anyone else acting on their behalf shall take such precautions with the Confidential Information as are necessary to strictly maintain its confidentiality and comply with the terms of this Order. Discovery material designated "CONFIDENTIAL" may be inspected and disclosed only to the following persons:

a) The parties, including the directors, officers and employees of the parties to the Suit and their affiliates, and counsel for the parties to this Suit, including inside counsel of any party who is assisting in the preparation of that party's case;

b) Employees of such counsel engaged in assisting counsel in the preparation of this Suit including secretaries and paralegal assistants;

c) Court officials involved in the Suit, including court reporters and persons operating video recording equipment at depositions;

d) Witnesses, provided that (1) discovery material is used in connection with the examination of the witness; (2) counsel using such documents or information believes in good faith that such use is necessary or appropriate; and (3) the witness is first provided with a copy of this Order and executes the attached Declaration of Compliance, or is the author, recipient or a copyee of such discovery material;

e) Independent contractors, outside consultants, and experts, and their staff, consulted or retained by a party for the purpose of assisting in the prosecution or defense of the Suit, provided that such persons shall be given a copy of this Order, advised that they are bound by it, and sign the attached Declaration of Compliance; and

f) Any other person who is designated as an authorized person by an Order of this Court, after notice to the parties, or by agreement with the designating party.

5. Nothing set forth herein prohibits the use at trial of any Confidential Information or affects the admissibility of any evidence. The procedures to govern the use and disclosure of Confidential Information may be the subject of further agreement of the Parties or order of the Court.

a) Discovery Materials designated as Confidential may be filed under seal with the Court in accordance with the Federal Rules of Civil Procedure and this Court's local rules.

b) When any Discovery Material is filed with the Court under this paragraph, the filing Party shall the same day email a copy of all materials so filed to counsel of record for the opposing party.

c) Discovery Materials designated as Confidential may be used in a filing before any special discovery master or magistrate judge in accordance with the preferences of that special discovery master or magistrate judge.

d) Discovery Materials designated as Confidential may be offered into evidence at trial or hearing on preliminary injunction without having to be placed under seal. The Parties agree to jointly petition the Court to establish

procedures to protect such Discovery Materials at trial or hearing before any such trial or hearing is begun.

6. Nothing herein shall be construed as limiting a party's use of its own Confidential Information and such use shall not constitute a waiver of the terms of this Order or the status of such information as Confidential Information. Any of the Parties can remove their designation of Confidential Information from any information it has previously so designated.

7. The Parties specifically agree that Plaintiff's medical file, if produced and designated as CONFIDENTIAL by a Party other than Plaintiff, constitutes Plaintiff's "Confidential Information," and agree that Plaintiff may retain and use a copy of his medical file for his own purposes, which copy will not be subject to or limited by this Order.

8. If a Producing Party inadvertently fails to stamp or mark certain documents as "CONFIDENTIAL" upon production, it may later designate such documents as "CONFIDENTIAL" material by giving written notice to all Parties that the material is to be so designated, describing the document(s) by Bates-number if possible. Likewise, a Producing Party may designate any other documents that it has already produced as "CONFIDENTIAL" material by giving written notice to all Parties that the material is to be designated, describing the document(s) by Bates number if possible. Upon such notice, all parties who

received the designated material shall then stamp or otherwise mark their copies of the designated material as "CONFIDENTIAL" as referenced herein.

9. The parties incorporate by reference Federal Rule of Evidence 502 herein and agree that the inadvertent production of any discovery material by any party shall be without prejudice to any subsequent claim by the producing party that such discovery material is privileged or attorney work product and shall not necessarily be deemed a waiver of any such privilege or protection.

10. If, after production, a Producing Party claims that privileged material was inadvertently produced to a Receiving Party, the Receiving Party shall promptly return the information and all copies thereof to the Producing Party and certify to the Producing Party that it has done so. The Receiving Party shall not use any such inadvertently disclosed information for any purpose. A receiving Party may promptly present the issue to the Court for determination of the Producing Party's claim that the Discovery Material is privileged or entitled to protection. Nothing in this Stipulated Protective Order will modify any obligation a Receiving or Producing Party otherwise has with respect to inadvertent production under the law or ethical rules.

11. A party may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the

objection is made. If the parties cannot resolve the objection within 21 days after the time the notice is received, it shall be the obligation of the party objecting to the designation to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. The disputed information shall be treated as confidential under the terms of this Order until the Court rules on the motion. The party designating the information as confidential shall bear the burden of establishing that the disputed information should be treated as confidential.

12. Within 60 days after this litigation concludes by settlement, final judgment, or final order, including all appeals, all documents designated as containing Confidential Information, including copies thereof, must be returned to the Producing Party unless: (1) the parties agree to destruction of the document to the extent practicable in lieu of return; or (2) as to documents bearing the notations, summations, or other mental impressions of the Receiving Party, that party elects to destroy the documents and certifies to the producing Party that it has done so.

13. The confidentiality provisions of this Order shall survive any settlement, judgment, or other disposition or conclusion of this action, and all appeals therefrom. This Court shall retain continuing jurisdiction in order to enforce the terms of this Order.

14. **ADDED BY THE COURT**: The Court finds that good cause exists for the entry of this order with the following condition. Notwithstanding anything to the contrary in the foregoing order, the Court finds that it shall not apply to exclude evidence from public disclosure when that evidence is relied upon in support of or opposition to any motion or during any hearing or trial. If a party seeks to rely upon any evidence covered by this protective order in support of or in opposition to any motion or during any hearing or trial, that party shall notify the opposing party at least 14 days prior to filing the motion and/or 14 days prior to the hearing or trial. The opposing party shall have 7 days to respond objecting to the public disclosure of the information, and the opposing party shall also file a motion to allow the materials to be filed under seal, which shall state a compelling reason in support of that motion. The Court will closely scrutinize any such requests at that time, with the presumption that any evidence relied upon in a filed motion or in opposition to any such motion or to be used in a hearing or trial shall be a public record. Accordingly, when materials are to be used in the foregoing manner, a party will not be allowed to file the materials under seal just because they are covered by this discovery protective order.

15. **SUPPLEMENT TO PROTECTIVE ORDER**.  Discovery materials that contain highly sensitive and confidential information and/or threaten the safety and security of the Georgia Department of Corrections ("GDC") facilities, GDC

employees, and GDC offenders, will be marked as "CONFIDENTIAL/ATTORNEYS' EYES ONLY."

Discovery materials to be marked "CONFIDENTIAL/ATTORNEYS' EYES ONLY" will include:

a) Restricted access Standard Operating Procedures that would be deemed contraband if in an offender's possession due to the security risks posed by their disclosure, including but not limited to: Corrections Emergency Response Teams, Post Orders, Security Post Rotation/Security Rosters, Staffing Utilization, Security Threat Group Management Program, and Searches, Security Inspections and Use of Permanent Logs;

b) Security threat group information of GDC offenders;

c) Any other discovery materials that threaten institutional safety and security, or the safety and security of prison staff or offenders.

Discovery materials marked "CONFIDENTIAL/ATTORNEYS' EYES ONLY" shall not be disclosed to anyone except:

a) The court and its personnel, with any such materials filed under seal;

b) Counsel for the parties and employees of said counsel;

c) Experts or consultants specifically retained by the parties or their attorneys to assist them in the preparation of this case or to serve as expert

witnesses at the trial of this action, but only after execution of a Confidentiality Agreement;

d) Court reporters or videographers engaged to record depositions, hearings, or the trial in this action;

e) Defendants or other employees of GDC as necessary to prepare for their defense in this action.

Discovery materials with this designation shall not be shared with the Plaintiff in this lawsuit, or any other GDC offender.

SO ORDERED this __2nd__ day of August, 2018.

> ____s/Hugh Lawson_____
> HUGH LAWSON, SENIOR JUDGE